UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELISSA STRAWDER-MCCURRY, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>WAL-MART STORES, INC., )<br>)<br>Defendant(s). )<br>_____) | Case No. 2:13-cv-00618-JCM-NJK<br><br>ORDER SANCTIONING JANET MARKLEY $200 |

Pending before the Court is the fourth order to show cause, requiring Plaintiff and her counsel, Janet Markley, to show cause why they should not be sanctioned for failing to timely provide complete initial disclosures. *See* Docket No. 25. The Court has now received a written response. Docket No. 26. The Court finds the matter properly resolved without a hearing, *see* Local Rule 78-2, and hereby **VACATES** the hearing set for July 18, 2013. For the reasons discussed below, the Court finds that Janet Markley should be sanctioned a Court fine of $200.

Attorneys are required to follow Court orders. Rule 16(f)[1] requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.[2] Violations of Rule 16 are neither technical nor trivial. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999).

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4-1.

The Ninth Circuit has emphasized that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Instead, "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). The rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).

In this case, Plaintiff and her counsel have a lengthy history of violating Court orders and rules. *See* Docket No. 25 at 2-3. Plaintiff and/or her counsel have been cautioned about the possibility of sanctions on at least five separate occasions previously, including the possibility of severe sanctions. *See id.* at 2-3. In its order discharging the third order to show cause, the Court indicated that it would provide a warning "one last time" that Plaintiff and her counsel were expected to comply with Court orders and the Local Rules. *See* Docket No. 22.

Pursuant to the parties' stipulation and the scheduling order adopted by the Court, the initial disclosures were to be served by June 4, 2013. *See* Docket No. 16. Nonetheless, Plaintiff and her counsel now admit through a recent stipulation that they did not do so until July 3, 2013, and that the disclosures were deficient. *See* Docket No. 23 at 3-4. Having reviewed the written response to the fourth order to show cause, it is clear that this shortcoming was caused by Plaintiff's counsel and that sanctions beyond a warning are appropriate. Instead, the Court finds a $200 Court fine to be an appropriate sanction. This amount is on the lower end of the spectrum of sanctions, *see, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604 (imposing sanction of $300 in 1999 for failure to timely file status report), and does not fully reflect the effect of counsel's misconduct on either the integrity of the Court's docket or the sanctity of Rule 16 and Local Rule IA 4-1. Nonetheless, in this instance, the Court believes the sanction is sufficient to deter similar misconduct. The sanction is personal to

Mrs. Markley.  Payment of $200 shall be made ***within ten days*** as a Court fine to the "Clerk, U.S. District Court."  Mrs. Markley shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

    IT IS SO ORDERED.

    DATED:  July 17, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge